UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONARDO MOSSO DIAZ,<br><br>                              Plaintiff,<br><br>            -against-<br><br>UNCLE PAUL'S PIZZA & CAFE INC., PASKO PAUL NICAI, and DINO REDZIC,<br><br>                              Defendants. | **COMPLAINT**<br><br>**15-cv- (6401) (    )**<br><br>**ECF Case** |

Plaintiff LEONARDO MOSSO DIAZ, ("DIAZ"), by his attorneys, Law Office of Emiliano Perez,

complains of defendants UNCLE PAUL'S PIZZA & CAFE INC., PASKO PAUL NICAI, and

DINO REDZIC, (collectively referred to herein as "defendants"), as follows:

### PRELIMINARY STATEMENT

1.      This action is brought to recover for unpaid overtime wages earned by

plaintiff as a non-managerial employee of defendants who works as a maintenance

worker/deliveryman at a restaurant owned, operated and managed by the defendants pursuant to

the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Plaintiff further complains that he is owed additional wages from

defendants for their failure to pay at the minimum hourly rate, for overtime premium, and for

spread of hours pursuant to the New York Labor Law §650 *et seq.* and the New York Labor Law

§190 *et seq.* (hereinafter collectively referred to as the "NYLL") as well as the Wage Order for the

Hospitality Industry, 12 N.Y.C.R.R. §146 and formally the Minimum Wage Order for the

Restaurant Industry, 12 N.Y.C.R.R. §137.

### JURISDICTION AND VENUE

3.      Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor

Standards Act, 29 U.S.C. §216 and 28 U.S.C. §1331, and the supplemental jurisdiction pursuant to 28 U.S.C. §1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.     The venue of this action is proper pursuant to 28 U.S.C. §1391(b) because the events or omissions giving rise to the claims occurred primarily within, and defendants conduct business within, the Southern District of New York.

## PARTIES

5.     At all times relevant, defendants were covered by the FLSA and the NYLL.

6.     Defendants own, manage, and operate a restaurant known as Uncle Paul's Pizza, located at 70 Vanderbilt Avenue, New York, NY 10017(referred herein as the"restaurant").

7.     Defendant UNCLE PAUL'S PIZZA & CAFE INC., (referred herein as 'UNCLE PAUL'S'), is a domestic corporation organized and existing pursuant to the laws of the State of New York and owns, manages, and operates the restaurant. At all relevant times, defendant UNCLE PAUL'S was plaintiffs employer within the meaning of FLSA and the NYLL.

8.     Defendant PASKO PAUL NICAI is a natural person and an officer, owner, principle, and/or agent of the defendant corporation and owns, manages, and operates the restaurant. At all relevant times, he was plaintiffs employer within the meaning of FLSA and the NYLL.

9.     Defendant DINO REDZIC, is a natural person and an officer, owner, principle, and/or agent of the defendant corporation and owns, manages, and operates the restaurant. At all relevant times, he was plaintiffs employer within the meaning of FLSA and the

2

NYLL.

10.     At all relevant times, defendants jointly employed plaintiff.

11.     At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. §203(b).

12.     Defendants, who perform related activities for a common business purpose, are an enterprise whose gross annual volume of sales for the past three years was not less than $500,000, exclusive of sales taxes.

13.     Plaintiff DIAZ is an adult individual residing in Queens County, New York. Plaintiff DIAZ was employed by defendants as a maintenance worker/deliveryman at the restaurant since on or about January 7, 2014 to on or about March 6, 2015.

14.     At all relevant times, plaintiff was engaged in commerce within the meaning of 29 U.S.C. §203(b).

## FACTS

15.     Defendants have maintained a common policy and practice of, *inter alia*: (1) not paying the minimum hourly rate; (2) not paying employees for all hours worked; (3) not paying rates of one and one-half times the regular rate of pay for work in excess of 40 hours a week; and (4) not paying spread of hours premium pay for work in excess of 10 hours a day.

16.     Plaintiff DIAZ, who was employed by defendants as a maintenance worker/deliveryman at the restaurant, worked 6 days a week, at least 72 hours a week, and more than 10 hours a day all 6 days of his workweek. His time was split between making deliveries on a bicycle and helping at the restaurant. His duties included preparing the cheese, taking out the garbage, cleaning the bathrooms, and other general maintenance. During most work days, Plaintiff DIAZ spent more than half the work day working inside the restaurant rather than

3

outside making deliveries.

17.     Plaintiff received paystubs from the defendants stating that his hourly rate of pay was $9 per hour and that he worked a total of 40 hours, for most work weeks. However, plaintiff worked at least 72 hours or more a week and was not compensated for the hours that he worked in excess of 40. The paystubs lists amounts that he received or will receive as cash tips and as credit card tips. However, defendants did not keep any records of what cash tips the plaintiff received on his deliveries and have no way of calculating the amount allocated as cash tips. Plaintiff did not receive or share in any other tips from customers other than when he went out on deliveries.

18.     Defendants required plaintiff to punch in and out of work. However, plaintiff never received a printout of the hours that he clocked in.

19.     Plaintiff routinely worked more than 40 hours per week but has not been paid any overtime premium pay.

20.     Plaintiff also routinely worked more than 10 hours a day, but has not been paid any spread of hours pay.

21.     Defendants failed to give their employees proper notice of the tip credit as required by 29 U.S.C. § 203(m) and 12 NYCRR §§ 146-1.3 and -2.2.

22.     Defendants failed to keep adequate records of the amount of tips received by their employees as required by 29 U.S.C. § 211 and 12 NYCRR § 146-2.1(a)(9).

23.     Defendants failed to provide their employees with wage statements specifying the amount of tip credit deducted from their wages as required by 29 U.S.C. § 203(m) and 12 NYCRR § 146-2.3.

24.     Upon information and belief, the required posters and notices regarding wage and hour laws were not posted and there was no notice provided to employees regarding

4

their rights under the FLSA or the NYLL as well as 12 NYCRR §§146-2.2 and §146-2.4.

25.    Defendants failed to keep adequate records of the amount of hours worked, the occupational classification, and the wage rate of their employees as required by U.S.C. §211 and 12 NYCRR §146-2.1.

26.    On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff should be tolled due to the failure to provide appropriate and required notice of the law.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of the Minimum Wage Provisions of the FLSA

27.    Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 26 of this Complaint.

28.    Defendants failed to pay the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a).

29.    Defendants failed to pay the applicable minimum hourly rate in willful violation of 29 U.S.C. § 255(a).

30.    Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of the Overtime Provisions of the FLSA

31.    Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 30 of this Complaint.

32.    Defendants failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of 29 U.S.C. §207 (a)(1).

33.    Defendants' failure to pay plaintiff overtime compensation was willful

within the meaning of 29 U.S.C. §255(a).

34.     Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of the Minimum Wage Provisions of the New York State Labor Law

35.     Plaintiff repeats and realleges each and every allegation made in

paragraphs 1 through 34 of this Complaint.

36.     Defendants willfully failed to pay plaintiff the applicable minimum hourly

rate, in violation of the NYLL as well as 12 NYCRR §146-1.2 and formally 12 NYCRR §137-

1.2.

37.     Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of the Overtime Provisions of the New York State Labor Law

38.     Plaintiff repeats and realleges each and every allegation made in

paragraphs 1 through 37 of this Complaint.

39.     Defendants willfully failed to pay plaintiff overtime compensation at rates

of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a

workweek, in violation of the NYLL as well as 12 NYCRR §146-1.4 and formally 12 NYCRR

§137-1.3.

40.     Plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
### Violation of the Spread of Hours Pay Provisions of the New York State Labor Law

41.     Plaintiff repeats and realleges each and every allegation made in

paragraphs 1 through 40 of this Complaint.

42.     Defendants willfully failed to pay plaintiff an additional one hour's pay for

6

the days in which plaintiff worked more than 10 hours in violation of the NYLL as well as 12

NYCRR §146-1.6 and formerly 12 NYCRR §§137-1.7 and 137-3.11.

43.    Plaintiff has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following

relief:

A.  Directing defendants to compensate plaintiff for all hours worked;

B.  Directing defendants to pay damages for the amount of unpaid minimum wages to plaintiff under the FLSA;

C.  Directing defendants to pay damages for the amount of unpaid overtime wages to plaintiff under the FLSA;

D.  Directing defendants to pay liquidated damages to plaintiff pursuant to 29 U.S.C. §216(b);

E.  Directing defendants to pay damages for the amount of unpaid minimum wages to plaintiff under the NYLL;

F.  Directing defendants to pay damages for the amount of unpaid overtime wages to plaintiff under the NYLL;

G.  Directing defendants to pay damages for unpaid spread of hours wages to plaintiff under the NYLL;

H.  Directing defendants to pay liquidated damages to plaintiff under the New York Labor Law;

I.  Directing defendants to pay pre-judgment interest to plaintiff;

J.  Awarding plaintiff the costs of this action together with reasonable

7

attorneys fees and;

   K. Granting such other and further relief as this Court deems necessary and

proper.

Dated: Jackson Heights, New York
  August 13, 2015

       Respectfully submitted,

       Emiliano Perez, Esq. (EP 5656)
       LAW OFFICE OF EMILIANO PEREZ
       3732 75th St
       Jackson Heights, NY 11372
       (718) 440-9214

       *Attorneys for Plaintiff*